# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| MARCUS GEOWARD WOODS, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 7:18-cv-01003-LSC |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OF OPINION

### I. Introduction

Before the Court are two motions that are dispositive of this case: (1) Defendant, the United States of America's, Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or in the Alternative, for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (doc. 14); and (2) Defendant, William Terry's, Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or in the Alternative, for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (doc. 18). For the reasons explained below, these motions are both due to be granted and this action dismissed with prejudice.

## II.   Background

Plaintiff, Marcus Geoward Woods ("Woods"), proceeding *pro se*, filed this action against the United States and William Terry on June 28, 2018. (Doc. 1.) This action arises out of Woods's prior lawsuit in *Woods v. United States*, No. 7:16-cv-00299-LSC (N.D. Ala.). This Court dismissed Woods's prior lawsuit on federal statute of limitations grounds on January 9, 2017. (*See* docs. 27 & 28 in 7:16-cv-00299-LSC.) Woods appealed, but the Eleventh Circuit Court of Appeals affirmed this Court's dismissal on July 19, 2017. (*See* doc. 36 in 7:16-cv-00299-LSC.) The Eleventh Circuit also denied Woods's several motions for reconsideration and petition for a writ of certiorari. (*See* docs. 34, 35, 37 in 7:16-cv-00299-LSC.)

The present action asserts the same allegations as Woods's first lawsuit, which are that the United States and William Terry, a physician and former federal employee, negligently performed a penile implant operation on Woods at the Veterans Affairs hospital in Birmingham, Alabama, on or about December 14, 2012. (Doc. 1 at 5.)

Shortly after filing his complaint in this action, Woods requested that the undersigned recuse from this action because he was "unfair" in his previous lawsuit and he "base[] his summary of judgment on inaccurate information that is not in the file or legally documented." (Doc. 3 at 1.)

In Woods's prior lawsuit, the United States was substituted for William Terry on all Alabama common law claims pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680 (1988) (the "FTCA"), as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 § 5, Pub. L. No. 100-694, 102 Stat. 4563 (1988), and the action proceeded solely against the United States until this Court dismissed the suit. (*See* doc. 26 in 7:16-cv-00299-LSC.) In the current lawsuit, the United States has filed a Notice of Substitution contemporaneously with its motion to dismiss or for summary judgment, in which the United States is again substituted for William Terry on all Alabama common law claims in Woods's lawsuit. (Doc. 15.)

In his current complaint, Woods's mentions the FTCA on two pages and attaches his FTCA Administrative Claim and medical records relating to his December 12, 2012 operation. (Doc. 1 at 9, 10, 16, 33-68.) Woods asserts the same medical malpractice claims in the present suit against the United States and William Terry, mostly in the nature of lack of informed consent, that he made in his prior suit. These claims arise out of the same set of operative facts.

More recently, however, Woods has filed several additional pleadings, two of which will merit further discussion herein: one requesting that the statute of limitations be tolled "due to new evidence of forgery and fraud" and one implying

that he is adding a claim of constitutional violations against William Terry pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). (Docs. 16 & 17). Because the United States may not be substituted for William Terry on any constitutional tort or *Bivens* claims which Woods may be alleging pursuant to 28 U.S.C. § 2679(b)(2), the United States subsequently filed an additional motion to dismiss, or in the alternative, for summary judgment, on behalf of William Terry with regard to these claims. (Doc. 18.) Woods has responded to that motion as well. (Doc. 19.)

### III. Discussion

This case involves a personal injury action under the FTCA, and it arises from the claim that medical personnel at the Veterans Affairs Medical Center in Birmingham, Alabama, negligently caused Woods harm as a result of a surgical procedure involving a penile implant on or about December 14, 2012. (Doc. 1 at 25-29.)

Woods filed his prior suit in this Court in February 2016, which was over a year from the date the U.S. Department of Veterans Affairs ("VA") denied his request to reconsider the agency's denial of his administrative tort claim. Thus, Woods filed the prior suit outside of the six-month filing period permitted under the FTCA. *See* 28 U.S.C. § 2401(b). (Doc. 1 at 22.)

Relying upon 28 U.S.C § 2401(b), this Court dismissed Woods's prior action because it was filed more than six months after the VA issued a final denial of his administrative tort claim,[1] and the Eleventh Circuit affirmed the dismissal.

Because Woods's prior suit was untimely, his present suit against the United States pursuant to the FTCA based on the same set of facts, which was filed over two years later, is untimely for the same reasons.

Woods has made no new cognizable claims under the FCTA. While Woods does mention for the first time that he has been a "victim of fraud and discrimination," that his medical records contained an "illegal addendum," and that the undersigned's previous opinion was "incorrect," these allegations do not present cognizable common law tort claims under Alabama law.

Moreover, any *Bivens* claim that Woods may have sought to add against William Terry is barred by the applicable statute of limitations as well. The statute of limitations governing 42 U.S.C. § 1983 actions is the forum state's general or residual statute of limitations for personal injury. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Under Eleventh Circuit precedent, actions brought under a *Bivens* theory are subject to the same statute of limitations that govern § 1983 actions. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citing Ala. Code § 6-2-38);

---

[1] For the full analysis, *see* doc. 27 in 7:16-cv-00299-LSC (Memorandum of Opinion).

*Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996) (the applicable statute of limitations that governs a § 1983 action also governs a *Bivens* action). In Alabama, this limitations period is two years. *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (the two-year limitation period in Ala. Code § 6-2-38(l) applies to § 1983 actions). Any *Bivens* or constitutional tort claims against William Terry in Woods's pleadings arose out of the surgery of December 14, 2012, and are therefore barred by Alabama's two-year statute of limitations contained in Ala. Code § 6-2-38(l). *Id.*

In the alternative, any purported *Bivens* claim against William Terry fails to state a claim upon which relief can be granted and is thus due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To survive a motion to dismiss, the Complaint must "state a claim to relief that is plausible on its face," meaning that it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") Woods's pleadings contain unclear claims and assertions, such as: "the law only applies if I commit a crime," "I'm respectfully asking the court to help prevent an altercation between Woods and William Terry," and "Every time a mass shooting happen the news always say the veteran was suffering from PTSD." Any discernable *Bivens* claim against William Terry does not meet these pleading standards.

## IV. Conclusion

For the reasons explained herein, the Court hereby **ORDERS** the following:

1. For good cause shown, the United States is hereby substituted pursuant to 28 U.S.C. § 2679(d)(2) for the individual defendant William Terry, and for the Alabama common law cause(s) of action directed against said individual defendant;

2. the United States's and William Terry's motions to dismiss or in the alternative for summary judgment (docs. 14 & 18) are **GRANTED**;

3. Woods's pending motions— for recusal of the undersigned (doc. 3); requesting that the statute of limitations be tolled "due to new evidence of forgery and fraud" (doc. 16); requesting "relief or settlement" (doc. 17); "for relief in response to defendant's motion to dismiss, or alternative, for summary of judgment" (doc. 20); and motion for hearing (doc. 22) are **DENIED**.

A separate order consistent with this opinion will be entered.

The Clerk is **DIRECTED** to mail a copy of the foregoing to Woods at the address stated on the docket sheet.

**DONE** and **ORDERED** on January 25, 2019.

_____
L. Scott Coogler
United States District Judge

160704